UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CR-825 RLW |
| | ) | |
| SAMUEL THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on pretrial matters. Defendant Samuel Thomas was charged in an indictment with possession with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl (Count 1); possession of a firearm in furtherance of drug trafficking (Count 2); and felon in possession of a firearm (Count 3). All pretrial matters were referred to United States Magistrate Judge Shirley P. Mensah pursuant to 28 U.S.C. § 636(b).

**Background**

Defendant filed a Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars (Doc. 53); a Motion to Dismiss Counts II and III of the Indictment (Doc. 54); and a Motion to Suppress Physical Evidence and Statements (Doc. 55). The United States filed responses opposing Defendant's pretrial motions (ECF Nos. 62-64). Judge Mensah conducted an evidentiary hearing on Defendant's motions on November 29, 2021. At the hearing, counsel for both parties stated that the evidence presented concerned Defendant's Motion to Suppress only, and that Defendant's other two motions to dismiss were purely legal in nature and could be

resolved based on the parties' written submissions. The parties filed post-hearing briefs after a transcript of the hearing was prepared.

On March 29, 2022, Judge Mensah filed a Report and Recommendation of United States Magistrate Judge and Memorandum Opinion of United States Magistrate Judge (ECF No. 82) which recommended that Defendant Thomas's Motions be denied.

The Court has conducted a <u>de novo</u> review of Defendant's motions and all briefing concerning, read the transcript of the evidentiary hearing, read the exhibits, considered the objections, and independently reviewed the relevant law. Having done so, the Court agrees with the Magistrate Judge's reasoning and conclusions and will adopt the thorough Report and Recommendation.

**Discussion**

A. <u>Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars</u>

Defendant Thomas objects to the Magistrate Judge's recommendation this motion be denied, asserting that "the indictment fails to properly specify that the alleged illegal narcotics and weapons were within the Defendant's possession." (ECF No. 88 at 1, ¶ 1.)

The Magistrate Judge set out in her Memorandum Opinion the applicable Eighth Circuit and Supreme Court law regarding the sufficiency of an indictment. To be legally sufficient on its face, an indictment must contain all the essential elements of the offenses charged and must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense and invoke the double jeopardy clause in any future prosecutions based on the same conduct. The indictment in this case sets out the date of the alleged incident, the type of controlled substance at issue, and otherwise closely tracks the statutory language of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 924(c) and 922(g)(1).

Defendant's objection that the Indictment does not allege he possessed the controlled substances or firearms is factually incorrect.  The Court concurs with the Magistrate Judge that there is no statutory requirement for the indictment to specify where the controlled substances and firearms were located.  The indictment's language provides Defendant with sufficient notice of the charges against which he must defend.  Defendant's objection to the Magistrate Judge's recommendation that the Indictment is sufficient is overruled.

With respect to Defendant's alternative motion for a bill of particulars, the Magistrate Judge set out the relevant Eighth Circuit law, discussed the Indictment's allegations, and cited the United States' representation that it has provided Defendant with all discovery to which he is entitled.  A bill of particulars "serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial" and to "avoid or minimize the danger of surprise at trial."  United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (citing Fed. Crim. P. 7(f); quoted case omitted).  "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial."  Id.  Here, the allegations in the indictment are not vague or indefinite, and are sufficient to give Defendant notice of the charges he is facing.  The Court agrees with the Magistrate Judge's finding that once the allegations in the indictment are combined with the disclosures made by the Government to date, there is no basis to conclude that Defendant lacks sufficient information to prepare a defense or to "avoid or minimize the danger of surprise at trial."  Id.

Defendant's objection to the Magistrate Judge's recommendation that he is not entitled to a bill of particulars is overruled.

    B.    <u>Motion to Dismiss Counts II and III of the Indictment</u>

Defendant objects to the Magistrate Judge's recommendation that his motion to dismiss Counts II and III of the Indictment be denied. The nature of this objection is difficult to discern. The entirety of Defendant's objection states:

> Defendant objects to the Court's denial of his motion to dismiss Counts II and III of the Indictment in the provisions of the Second Amendment Preservation Act, RSMo sections 1.410 to 1.485 refers [sic] to "offenses occurring after August 28, 2021." Defendant argues that "offenses" refers to violations of the Act, which are created as violations under § 1.460, RSMo. Under § 1.480, RSMo, the provision cited by the Court, it refers to the targeted federal crimes as "acts" and not "offenses."

(ECF No. 88 at 1, ¶ 2.)

Defendant moves to dismiss Count II (charging possession of a firearm in furtherance of drug trafficking) and Count III (charging felon in possession of a firearm) of the Indictment on the basis that the charged offenses are "unconstitutional under Missouri law" (ECF No. 54 at 3). In support, Defendant cites Missouri H.B. 85/310, the Second Amendment Protection Act, which was signed into law on June 12, 2021 (the "Act"). Defendant asserts that Counts II and III must be dismissed because Sections 1.410-1.485 of the Act declare unconstitutional any "act forbidding the possession, ownership, use, or transfer of a firearm . . . by law abiding citizens," (ECF No. 54 at 3) (quoting Missouri H.B. § 420 (§ 4)), and "Section 1.430 forbids enforcement in the State of Missouri of any federal acts, laws, orders, etc. that infringe the right to keep and bear arms as guaranteed by the Second Amendment and Missouri Constitution, Article I, Section 23." (ECF No. 54 at 3.)

The Magistrate Judge recommended that this motion be denied for three reasons: (1) the Act does not apply to this case because the statute's operative language states it "shall be applicable to offenses occurring on or after August 28, 2021," while the charged offenses in the

Indictment are alleged to have occurred in August 2020; (2) the conduct charged in Count II appears to have been expressly excluded from the Act's protection, and the conduct charged in Count III implicitly excluded, as the Act's protection is limited to "law-abiding citizens" and the Act defines "law-abiding citizen" as "a person who is not otherwise precluded under state law from possessing a firearm," as Defendant would be; and (3) even if the Act did apply to this case, the Supremacy Clause of the U.S. Constitution prevents the State of Missouri from nullifying federal criminal laws.

Defendant's objection is aimed only at the Magistrate Judge's first reason for denial. Defendant argues that the term "offenses" as used in Section 1.480 refers to violations of the Act, not to criminal offenses. The Court need not address the merits of this objection, as it agrees with the Magistrate Judge's unchallenged second and third reasons for denial of the Motion to Dismiss, as set forth in her Memorandum Opinion. In particular, the Court agrees that the Supremacy Clause of the U.S. Constitution prevents the State of Missouri from nullifying federal criminal laws; the federal offenses that Defendant challenges are within Congress's power to legislate and are consistent with the Second Amendment; and the Act is invalid to the extent it purports to invalidate the federal statutes at issue in Counts II and III. Defendant's objection is overruled.

    C.   <u>Motion to Suppress Evidence and Statements</u>

Defendant objects to the Magistrate Judge's recommendation that his Motion to Suppress Evidence and Statements be denied, with respect to the physical evidence only. Defendant argues that "the search warrant necessary for seizure of physical evidence was not supported by credible evidence and did not provide for a lawful search of the multi-tenant building's shared basement. More specifically, the search warrant contemplated the search of Defendant's

5

business Scribble Tees but did not include the jointly possessed basement area of the building which was accessible by the other tenants and via an exterior door." (ECF No. 88 at 2-3.)

The Magistrate Judge first found that the FBI Special Agent who signed the affidavit in support of the warrant application, Agent Ackland, credibly testified that the portion of the basement searched was accessible only from the main floor of Defendant's business. The Magistrate Judge then cited the well-established law that "[w]hen a warrant specifically mentions certain structures, it authorizes a search of these structures, and, by implication, any other vehicles, structures, or property not noticeably separate from them." United States v. Pennington, 287 F.3d 739, 744-45 (8th Cir. 2002) (quotation omitted). As such, an authorized search of "the premises" or "the property" authorizes a search of the entire premises, including any other building or vehicles found on the premises. United States v. Ross, 456 U.S. 798, 820 (1982).

The Magistrate Judge also made factual findings that the basement was attached to Defendant's business and was accessible only through an open stairwell on the main floor of Defendant's business. On de novo review, the Court agrees with these findings. Defendant's assertions to the contrary are based on mere attorney argument, not evidence. In addition, the warrant affidavit attests that when the confidential source met with Defendant and obtained a three-ounce "sample" of fentanyl, the transaction took place in the basement of Defendant's business. This supports the conclusion that the basement was within the scope of the search authority granted by the Court. Defendant's objection is overruled.

D. Motion for a *Franks* Hearing

Finally, Defendant objects to the Magistrate Judge's conclusion that he was not entitled to an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978), to challenge the validity of the search warrant. Defendant asserts:

> There is substantial evidence that the [Confidential Source] was unreliable, such as not going directly from his meeting with SA Ackland to allegedly meet with Defendant, despite being directed to do so. The disclosed audio recordings indicate that the CS ran several errands and even brought a child into the car before meeting with Defendant to conduct an alleged drug purchase. Furthermore, there are questions as to why the CS waited from February until August of 2020 to conduct another attempted buy with Defendant.

(ECF No. 88 at 2, ¶ 4.) Defendant does not offer citation to the record to support his objection.

The Magistrate Judge set out in her Memorandum Opinion the applicable Eighth Circuit and Supreme Court law regarding the showing a defendant must make to be entitled to a Franks hearing. To obtain such a hearing, a defendant must show both that (1) the affiant made a false statement or material omission "knowingly and intentionally" or with "reckless disregard for the truth," and (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause. Franks, 438 U.S. at 155-56; see United States v. Arnold, 725 F.3d 896, 898 (8th Cir. 2013) (affirming denial of Franks hearing notwithstanding district court's finding of several misrepresentations and omissions in the search warrant; stating, "the affidavit established probable cause even absent [the] misrepresentations and including the omitted information"). "The requirement of a substantial preliminary showing is not lightly met." Arnold, 725 at 898 (quoting United States v. Mathison, 157 F.3d 541, 548 (8th Cir. 1998)).

In determining whether a defendant has made the requisite preliminary showing required by Franks to justify a hearing, "Allegations of negligence or innocent mistake will not suffice to

demonstrate reckless or deliberate falsehood." United States v. McIntyre, 646 F.3d 1107, 1114 (8th Cir. 2011) (citing Franks, 438 U.S. at 171).  Instead, the test is "'whether, after viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" Id. (quoting United States v. Butler, 594 F.3d 955, 961 (8th Cir. 2010)).  That test has not been met in this case.

As a threshold matter, Defendant's objection raises new arguments about the confidential source's reliability that he did not raise before the Magistrate Judge.  Defendant's Motion makes conclusory assertions that the warrant and supporting affidavit "include false statements knowingly and intentionally made or with reckless disregard for the truth," and that the affidavit has "discrepancies and contradictions."  (ECF No. 55 at 3, ¶ 17.)  Defendant's post-hearing brief argued only that Agent Ackland did not include in the search warrant application affidavit that the CS "had a criminal case in the State courts" and was "currently working for the government in order to achieve a more favorable outcome in his underlying criminal cases." (ECF No. 79 at 6-7.)

The Magistrate Judge properly rejected this argument.  Contrary to Defendant's assertion, the affidavit in support of the search warrant application disclosed that while the "CS was initially working with the investigative team in exchange for judicial consideration on pending state charge(s)," at the time of the affidavit, the CS was "continuing to work in exchange for monetary compensation.  The monetary compensation has been minimal, and conditioned on truthfulness/ corroboration."  (Affidavit, Gov't. Hrg. Ex. 2, at 4 n.1.)  Further, the affidavit attested that the CS had proved reliable through independently corroborated information, some of which was verified through audio or video recordings and physical surveillance.  (Id.)  The affidavit also attested that in a separate investigation, information provided by the CS was used

8

to obtain federal search warrants which resulted in the seizure of bulk narcotics, bulk U.S. currency, and firearms.  (Id.)  Thus, Defendant's original argument lacked a factual basis.

Now, Defendant argues the CS was unreliable because he did not follow directions and ran errands and had a child with him in the car on the way to meet with Defendant.  There is significant authority for the proposition that a party cannot, in objections to a report and recommendation, raise arguments that were not clearly presented to the Magistrate Judge. "When a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review."  Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012) (quoted case omitted).  The "'purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court.'"  Id. (quoted case omitted).  Defendant has waived this argument because he did not present it to the Magistrate Judge.

Even if the argument were properly before this Court, which it is not, the result is the same.  Defendant does not establish that he is entitled to a Franks hearing.  Where a search warrant affidavit is based substantially on information provided by an informant, evidence of the informant's reliability, veracity, and basis of knowledge is highly relevant to the probable cause determination but is not dispositive.  Illinois v. Gates, 462 U.S. 213, 230 (1983).  As the Magistrate Judge found, the information provided to the agents came from a vetted CS who had known Defendant for years.  The agent corroborated the CS's information using audio recordings and physical surveillance as well as the agents' independent check of records. "[W]here the informant's information is at least partially corroborated, attacks upon credibility

9

and reliability are not crucial to the finding of probable cause." United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992). This is because "an informant who is correct about some things more likely will be correct about critical unverified facts." United States v. Reivich, 793 F.2d 957, 960 (8th Cir. 1986) (citing Spinelli v. United States, 393 U.S. 410, 427 (1969)); Gates, 462 U.S. at 233-34.

Defendant's new arguments concerning the CS's unreliability are not substantial. Accepted as true, they fail to establish either that (1) the affiant made a false statement or material omission "knowingly and intentionally" or with "reckless disregard for the truth," or (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause. Franks, 438 U.S. at 155-56. Moreover, the new arguments do not appear to be based on evidence of record.

Accordingly, after de novo review,

**IT IS HEREBY ORDERED** that the Report and Recommendation and Memorandum Opinion of United States Magistrate Judge (ECF No. 82) is **sustained, adopted** and **incorporated** herein.

**IT IS FURTHER ORDERED** that Defendant Samuel Thomas's Motion to Dismiss the Indictment or, in the Alternative, for a Bill of Particulars (Doc. 53); Motion to Dismiss Counts II and III of the Indictment (Doc. 54); and Motion to Suppress Physical Evidence and Statements (Doc. 55) are **DENIED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of June, 2022.