UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:20-cr-00825- MTS |
| SAMUEL THOMAS | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Defendant Samuel Thomas has filed a Motion for Order Reducing Sentence or Modifying Judgment pursuant to 18 U.S.C. § 3582(c)(1)(A). Doc. [153]. Because Defendant has failed to demonstrate that he has exhausted administrative remedies and the Government properly raised the issue, the Court will deny the Motion without prejudice.

**I.    Background**

On May 16, 2023, Defendant Samuel Thomas was sentenced to 72 months of incarceration and four years of supervised release pursuant to a guilty plea for Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1). Doc. [142]. Defendant is currently serving his sentence at Memphis FCI and has a release date of September 8, 2028.[1] Defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

Defendant claims that his family circumstances present extraordinary and compelling reasons warranting a reduction in his sentence. *See* Doc. [149-1] at 2.  Specifically, Defendant references three conditions relevant to this determination: his wife's alcohol consumption and

---

[1] https://www.bop.gov/inmateloc/ (last visited January 23, 2026).

1

mental health crises; his mother's 2016 diagnoses of thyroid cancer, breast cancer, and 2023 brain aneurism; and his father's diabetes and high blood pressure. *Id.*

## II.     Legal Standard

Under § 3582(c)(1)(A), compassionate relief may be granted if the court finds, after considering the applicable factors in 18 U.S.C. § 3553(a),[2] an extraordinary and compelling reason warranting such a reduction. U.S.S.G. § 1B1.13(a)(1)(A).  Additionally, a defendant must demonstrate that he is no longer a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).[3]  The defendant bears the burden of establishing that such relief is warranted, as compassionate release is an "extraordinary and rare event." *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). However, a Defendant must first exhaust their administrative remedies.

"According to the plain terms of § 3582(c)(1)(A), prisoners can bring compassionate-release motions on their own once they have exhausted administrative remedies." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). The administrative remedies exhaustion required under 18 U.S.C. § 3582 is a "mandatory claim-processing rule." *Id.* A mandatory claim-processing rule "must be enforced so long as the opposing party properly raises it." *Id*. When failure of administrative exhaustion is properly raised by the Government, this Court must dismiss a compassionate-release motion without prejudice. *Id*. Under § 3582(c)(1)(A), exhaustion occurs at the earlier of: 1) after the defendant has fully exhausted all administrative rights to appeal a failure

---

[2] The factors include, among other things: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

[3] Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating 18 U.S.C. § 3142(g)).

2

of the Bureau of Prisons to bring a motion on the defendant's behalf, or 2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility.

### III. Discussion

The Government argues that the Court should deny Defendant's Motion for multiple reasons. *See* Doc. [151] at 4-6. However, because the Government properly raised Defendant's failure to exhaust and Defendant has made no showing that he has exhausted administrative remedies, the Court will deny Defendant's Motion without prejudice. *Houck*, 2 F.4th at 1084; *see also United States v. Cotton*, 4:21-cr-00387-SRC-1, 2025 WL 1809795, *4–5. (E.D. Mo. July 1, 2025) (dismissing defendant's compassionate release motion without prejudice because government properly raised failure to exhaust, and defendant did not provide evidence that he had exhausted administrative remedies).

### IV. Conclusion

For the reasons set forth above, the Court denies without prejudice Defendant's Motion because Defendant has failed to make a showing that he exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Order Reducing Sentence or Modifying Judgment pursuant to 18 U.S.C. § 3582(c)(1)(A), Doc. [153], is **DENIED WITHOUT PREJUDICE**.

Dated this 23rd day of 2026

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE